## KRETSCHMAR v. BOARD OF COMMISSIONERS OF ST. LOUIS COUNTY.

1. The clerk of the St. Louis criminal court is entitled to the fees allowed by the third section of the act of February 12, 1857. (Sess. Acts, 1857, p. 63.) He is not restricted to the fees allowed in the eleventh section of the act of December 5, 1855. (R. C. 1855, p. 786.)

### Application for Mandamus.

This was an application to the supreme court for a mandamus directed to the Board of Commissioners of St. Louis county, commanding said board to allow and order to be paid certain items contained in a fee-bill allowed by the St. Louis criminal court in favor of the clerk of said court. These items consisted of fees charged and allowed in favor of said clerk under the third section of the act of February 12, 1857. (Sess. Acts, 1857, p. 63.)

*Cline & Jamison* and *Lackland*, for Kretschmar.

*S. H. Gardner*, for Board of Commissioners.

I. The act of 1855, in so far as it relates to the fees in criminal cases that may be charged against the state and county, has in no respect been repealed or modified. The plaintiff can charge the defendant such fees, and at such rates, only as are authorized by the act of 1855.

NAPTON, Judge, delivered the opinion of the court.

The third section of the act of February 12, 1857, entitled "An act to amend an act entitled 'An act to regulate

fees,' approved December 5, 1855," provides that " the clerks of the several circuit courts of this state, and of the court of common pleas of the county of St. Louis, and of the St. Louis land court, shall receive, *in all civil proceedings,* the following fees for their services." Here follows an enumeration of the fees. The section then concludes thus : " And the clerks of county and probate courts, and *of the criminal court of St. Louis county,* and of all courts of common pleas having civil jurisdiction, the same fees as above for like services." The eleventh section of the act of 1855, to which this law is an amendment, provided " that the clerks of the several courts of this state possessing criminal jurisdiction, shall be entitled to the following fees for their services in criminal proceedings ; and no fee in such proceedings shall be allowed by virtue of any other provision in this act contained." And then follows the fees allowed the clerks of criminal courts in criminal proceedings.

The question submitted upon the application for a mandamus in this case is, whether the clerk of the criminal court is entitled to the fees given by the third section of the act of February 12, 1857, *in criminal cases.*

Some of the services enumerated in the third section above referred to are such as may be rendered in both civil and criminal cases ; but it is perfectly clear that no clerk in the state, except the clerk of the criminal court of St. Louis, could claim any of the fees therein specified in any criminal case. The fees by the first part of the section are restricted to civil cases ; but we think it is equally clear that the clerk of the criminal court of St. Louis is entitled to these fees by the express words of the act.

Why the clerk of the criminal court of St. Louis was allowed fees, which by the law are prohibited to all other clerks in criminal cases, is not a subject for our inquiry, when it appears to be the plain intention of the legislature that this discrimination should be made. As this clerk is the clerk of a court which has no jurisdiction in civil cases, if we apply the restriction upon the fees made in the first

9—VOL. XXIX.

part of the section to him we annul the provision in his favor altogether. We must understand this provision, so far as it regards the criminal court in St. Louis, as repealing the restriction of the eleventh section of the law of 1855.

Judge Ewing concurring, the mandamus upon the commissioners will, according to the understanding of the counsel on both sides, be made peremptory.